UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID M. MARK, ) <br> ) <br> Defendant. ) <br> ) | 2:11-CR-00453-PMP-CWH <br><br> ORDER |

On April 11, 2013, the jury returned a verdict of Guilty as to Defendant David Mark on the charges set forth in Counts 1, 5, 6, and 7, and verdicts of Not Guilty as to the charges in Counts 2, 3, and 4. The Indictment in this case further alleged Forfeiture Counts related to each Count of conviction for an in personam money judgment totaling $107,000,000. On April 16, 2013, the Court, on application of the Government, entered an Order of Forfeiture (Doc. #151) in that amount.

On April 19, 2013, Defendant Mark filed an Objection to Post Verdict Order of Forfeiture and Request for Hearing (Doc. #153). Subsequent filings by the parties and arguments presented at sentencing show that some of the Defendants in related cases have been subject to Forfeiture Orders ranging from as much as $107,000,000 to as little as zero. Counsel for Plaintiff United States argues that whether to seek an Order of Forfeiture, and if so, the amount of Forfeiture sought are matters entirely within the discretion of the

prosecution, and the Court has no discretion in fixing the amount. Nonetheless, in the midst of arguments at the sentencing hearing conducted October 30, 2013, counsel for Plaintiff United States modified the amount of forfeiture sought to $62,882,930. Defendant Mark objects and argues the evidence adduced at trial does not support such a sum.

Plaintiff United States cites to numerous cases standing for the proposition that unlike discretionary sentencing considerations such as length of sentence, terms of supervision, amount of fine, and amount of restitution, criminal forfeiture is mandatory in nature. See United States v. Newman, 659 F.3d 1235 (9th Cir. 2011). However, the Court has "an independent duty to 'determine the amount of money that the defendant will be ordered to pay'" and must make factual determinations regarding the amount of the forfeiture. Id. at 1245 (quoting Fed. R. Crim. P. 32(b)(1)(A)).

As this case so well illustrates, the Court's ability to discharge this responsibility is somewhat illusory, as it is based on the evidence the Government elects to present in its sole discretion in any particular case. Fifteen Defendants in related cases have been subject to Forfeiture Orders ranging from $107,000,000 to zero based upon the plea negotiations and Motions for Forfeiture structured by the prosecution. While the Court does not find that in this case the exercise of such prosecutorial discretion amounts to prosecutorial misconduct constituting a due process violation, the Court finds both the originally requested sum of $107,000,000, and the reduced amount of $62,882,930 are excessive in relation to the forfeitures for the other Defendants, and reflect an abuse of prosecutorial discretion which ties the Court's hands resulting in extremely inequitable treatment of Defendant Mark vis-a-vis other Defendants in related cases. Nevertheless, the Court reluctantly recognizes its mandated obligation under Newman to order forfeiture in an amount consistent with the evidence adduced at trial and in post trial proceedings, which supports a monetary judgment of $62,882,930.

///

1     IT IS THEREFORE ORDERED that the Forfeiture Order (Doc. #151) entered April 16, 2013, is hereby modified to provide that the United States recover from David M. Mark a criminal forfeiture money judgment of $62,882,930.

DATED: October 30, 2013

_____
PHILIP M. PRO
United States District Judge