# UNITED STATES DISTRICT COURT

District of NEVADA

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| DAVID M. MARK | Case Number: 2:11-cr-0453 PMP-CWH |
| | USM Number: 46570-048 |
| **Date of Original Judgment:** 10/30/2013 | MICHAEL FAWER (CJA) |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☑ was found guilty on count(s) 1, 5, 6, and 7 of the Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1349 | Conspiracy to Commit Bank Fraud, Mail Fraud and Wire Fraud | 3/12/2008 | 1 |
| 18 USC §§ 1344 and 2 | Bank Fraud and Aiding & Abetting | 4/25/2007 and 6/15/2007 | 5 & 6 |
| 18 USC §§ 1341 and 2 | Mail Fraud and Aiding & Abetting | 3/12/2008 | 7 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s) 2, 3, and 4 of the Indictment
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/30/2013
Date of Imposition of Judgment

*/s/ Philip M. Pro*
Signature of Judge

PHILIP M. PRO — U.S. District Judge
Name of Judge — Title of Judge

November 4, 2013
Date

DEFENDANT: DAVID M. MARK
CASE NUMBER: 2:11-cr-0453 PMP-CWH

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

36 Months per Count; CONCURRENT

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the Defendant be permitted to serve his term of incarceration at FCI-Pensacola or as near to New Orleans as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 12:00 p.m. 1/31/2014 .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 3 of 7

DEFENDANT: DAVID M. MARK
CASE NUMBER: 2:11-cr-0453 PMP-CWH

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

5 Years per Count; CONCURRENT

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: DAVID M. MARK
CASE NUMBER: 2:11-cr-0453 PMP-CWH

Judgment—Page 4 of 7

# SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. Warrantless Search - You shall submit to the search of your person, property, residence or automobile under your control by the probation officer or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

3. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5. Employment Restriction - You shall be restricted from engaging in employment, consulting, or any association with any mortgage or real estate business, or the practice of law for a period of five years and that you disclose to all prospective employers and any licensing entities for any state or federal licenses which apply the fact of your conviction and sentence.

6. Mental Health Treatment - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

7. Report to Probation Officer After Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

**ACKNOWLEDGEMENT**

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____
Defendant                          Date


_____    _____
U.S. Probation/Designated Witness  Date

DEFENDANT: DAVID M. MARK
CASE NUMBER: 2:11-cr-0453 PMP-CWH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ | $ 216,973.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| FDIC Restitution Payments |  | $216,973.00 |  |
| as Receiver for 10155 - Am Trust Bank |  |  |  |
| PO Box 971774 |  |  |  |
| Dallas, TX 75397-1774 |  |  |  |
| **TOTALS** | $ | $216,973.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 6 of 7

DEFENDANT: DAVID M. MARK
CASE NUMBER: 2:11-cr-0453 PMP-CWH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ 217,373.00 due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

\*

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See attached Orders of Forfeiture. $62,882,930.00 Forfeiture ORDERED.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

```
 1
 2
 3
 4
 5
 6                       UNITED STATES DISTRICT COURT
 7                            DISTRICT OF NEVADA
 8                                   * * *
 9                                      )
    UNITED STATES OF AMERICA,           )
10                                      )
              Plaintiff,                )         2:11-CR-00453-PMP-CWH
11                                      )
    v.                                  )
12                                      )
    DAVID M. MARK,                      )
13                                      )         ORDER
              Defendant.                )
14  _____)
```

15      On April 11, 2013, the jury returned a verdict of Guilty as to Defendant David

16 Mark on the charges set forth in Counts 1, 5, 6, and 7, and verdicts of Not Guilty as to the

17 charges in Counts 2, 3, and 4. The Indictment in this case further alleged Forfeiture Counts

18 related to each Count of conviction for an in personam money judgment totaling

19 $107,000,000. On April 16, 2013, the Court, on application of the Government, entered an

20 Order of Forfeiture (Doc. #151) in that amount.

21      On April 19, 2013, Defendant Mark filed an Objection to Post Verdict Order of

22 Forfeiture and Request for Hearing (Doc. #153). Subsequent filings by the parties and

23 arguments presented at sentencing show that some of the Defendants in related cases have

24 been subject to Forfeiture Orders ranging from as much as $107,000,000 to as little as zero.

25 Counsel for Plaintiff United States argues that whether to seek an Order of Forfeiture, and if

26 so, the amount of Forfeiture sought are matters entirely within the discretion of the

1 prosecution, and the Court has no discretion in fixing the amount. Nonetheless, in the midst
2 of arguments at the sentencing hearing conducted October 30, 2013, counsel for Plaintiff
3 United States modified the amount of forfeiture sought to $62,882,930. Defendant Mark
4 objects and argues the evidence adduced at trial does not support such a sum.

5 Plaintiff United States cites to numerous cases standing for the proposition that
6 unlike discretionary sentencing considerations such as length of sentence, terms of
7 supervision, amount of fine, and amount of restitution, criminal forfeiture is mandatory in
8 nature. See United States v. Newman, 659 F.3d 1235 (9th Cir. 2011). However, the Court
9 has "an independent duty to 'determine the amount of money that the defendant will be
10 ordered to pay'" and must make factual determinations regarding the amount of the
11 forfeiture. Id. at 1245 (quoting Fed. R. Crim. P. 32(b)(1)(A)).

12 As this case so well illustrates, the Court's ability to discharge this responsibility
13 is somewhat illusory, as it is based on the evidence the Government elects to present in its
14 sole discretion in any particular case. Fifteen Defendants in related cases have been subject
15 to Forfeiture Orders ranging from $107,000,000 to zero based upon the plea negotiations
16 and Motions for Forfeiture structured by the prosecution. While the Court does not find
17 that in this case the exercise of such prosecutorial discretion amounts to prosecutorial
18 misconduct constituting a due process violation, the Court finds both the originally
19 requested sum of $107,000,000, and the reduced amount of $62,882,930 are excessive in
20 relation to the forfeitures for the other Defendants, and reflect an abuse of prosecutorial
21 discretion which ties the Court's hands resulting in extremely inequitable treatment of
22 Defendant Mark vis-a-vis other Defendants in related cases. Nevertheless, the Court
23 reluctantly recognizes its mandated obligation under Newman to order forfeiture in an
24 amount consistent with the evidence adduced at trial and in post trial proceedings, which
25 supports a monetary judgment of $62,882,930.
26 ///

IT IS THEREFORE ORDERED that the Forfeiture Order (Doc. #151) entered April 16, 2013, is hereby modified to provide that the United States recover from David M. Mark a criminal forfeiture money judgment of $62,882,930.

DATED: October 30, 2013

_____
PHILIP M. PRO
United States District Judge